# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS RODRIGUEZ, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-0049 |
| § | | |
| INTERNAL REVENUE SERVICE, § | | |
|    Defendant. § | | |

## **MEMORANDUM AND ORDER**

Plaintiff Jesus Rodriguez, proceeding *pro se*, filed this lawsuit against the Internal Revenue Service ("IRS") seeking a tax refund in connection with his 2003 tax return. The case is now before the Court on Plaintiff's Application for a Protective Order and for a "Cease and Desist Order" ("Motion") [Doc. # 9], to which the IRS filed a Response [Doc. # 12]. Having considered the full record and the governing legal authorities, the Court **denies** the Motion.

Plaintiff seeks a protective order and a "Cease and Desist Order" prohibiting the IRS from "harassing, intimidating, terrorizing, victimizing and/or threatening the Plaintiff." *See* Motion, p.1. Plaintiff's Motion is in response to a March 1, 2012, form letter from the IRS advising him of the "potential consequences", including a "$5,000 penalty," for filing a frivolous tax return.

The Anti-Injunction Act deprives this Court of jurisdiction to restrain the assessment or collection of taxes. *See* 26 U.S.C. § 7421(a). The injunction applies not only to the assessment and collection of taxes, but also to "activities which are intended to or may culminate in the assessment or collection of taxes." *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. 1981). As a result, the Anti-Injunction Act precludes the relief Plaintiff seeks in his Motion.

An exception to the Anti-Injunction Act's bar was created by the United States Supreme Court in *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1 (1962). *See Sigmon v. Southwest Airlines Co.*, 110 F.3d 1200, 1204 (5th Cir. 1997). "Under the *Enochs* exception, a taxpayer can obtain an injunction against the collection of taxes if it is 'clear that under no circumstances could the Government ultimately prevail . . .' and equity jurisdiction otherwise exists." *Id.* (quoting *Enochs,* 370 U.S. at 6-7). In this case, Plaintiff has not demonstrated that under no circumstances could the Government legally impose the $5,000 penalty or otherwise prevail in this lawsuit. Moreover, Plaintiff has failed to demonstrate the existence of irreparable harm to support equitable relief. The IRS has informed Plaintiff that it will not assess the $5,000 penalty in connection with tax year 2003, the subject of this lawsuit. Plaintiff, therefore, has failed to establish that the *Enochs* exception permits the requested relief. Accordingly, it is hereby

**ORDERED** that Plaintiff's Application for a Protective Order and for a "Cease and Desist Order" [Doc. # 9] is **DENIED**.

SIGNED at Houston, Texas, this 9th day of **April, 2012**.

_____
Nancy F. Atlas
United States District Judge