# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS RODRIGUEZ, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-0049 |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This tax refund case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 56] filed by Defendant United States of America, to which Plaintiff Jesus Rodriguez filed a Response entitled "Competent Summary Judgment Motion Evidence" [Doc. # 63], the United States filed an "Opposition" [Doc. # 67], Plaintiff filed a Response to the United States' "Opposition" [Doc. # 68], and a Supplement [Doc. # 72]. The United States filed a Reply [Doc. # 70], after which Plaintiff filed a Reply [Doc. # 73], a "Response in Opposition to United States' Reply" [Doc. # 77], a Supplement [Doc. # 82], and another Supplement [Doc. # 84]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff in this lawsuit seeks a refund from the Internal Revenue Service ("IRS") for tax years 2003, 2005 and 2006.  At issue are Plaintiff's attempt to itemize deductions in 2003 and 2005, Schedules C and E for all three tax years, the Child and Dependent Care credit claimed for 2005 and 2006, the Additional Child Tax Credit claimed in 2005 and 2006, the Earned Income Credit claimed for 2005 and 2006, the Credit for the Elderly or Disabled claimed in 2006, and the Residential Energy Credit for 2006.

For tax year 2003, Plaintiff filed a tax return on April 13, 2007.  Plaintiff claimed a refund of $2,156.00.  Plaintiff's claim for a refund was denied.

For tax year 2005, Plaintiff filed a tax return on August 21, 2008, and amended tax returns on December 10, 2008, March 21, 2009, and April 17, 2009.  On January 21, 2012, Plaintiff filed a Form 843 claiming a refund for tax year 2005.

For tax year 2006, Plaintiff filed a tax return on August 21, 2008.  Plaintiff and his wife filed the return as married, filing jointly.

As for all three tax years, the IRS disallowed certain claimed deductions and credits.  As to some deductions and credits, the IRS takes the position that Plaintiff is not legally entitled to claim them.  As to others, the IRS argues that Plaintiff has not presented evidentiary support for the deductions in the amount claimed.

After a full opportunity to conduct discovery on the tax refund claims for these three tax years, the United States filed its Motion for Summary Judgment. The Motion has been exhaustively briefed and is ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case.

*See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not

met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required, however, to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000);

*Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III. ANALYSIS

#### A. Burden of Proof

Generally, the taxpayer in a tax refund case has the burden to prove both an overpayment of taxes and the amount of the overpayment. *See United States v. Janis,* 428 U.S. 433, 440 (1976); *King v. United States*, 641 F.2d 253, 259 (5th Cir. 1981); *ExxonMobil Corp. v. United States*, 253 F. Supp. 2d 915, 932 (N.D. Tex. 2003). The burden of proof shifts to the United States only if the taxpayer produces "credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by" the Internal Revenue Code ("IRC"). *See* 26 U.S.C.

§ 7491(a); *Rigas v. United States*, 2011 WL 1655579, *4 (S.D. Tex. May 2, 2011). In the case of an individual taxpayer, the burden will shift only if the taxpayer meets two requirements: (1) he has complied with the IRC requirements to substantiate any item; and (2) he has maintained all records required by the IRC and has cooperated with reasonable requests for witnesses, information, documents, meetings, and interviews. 26 U.S.C. § 7491(a)(1)(A)-(B). "Credible evidence" is evidence of sufficient quality that "after critical analysis, the court would find [it] sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness)." *Rigas*, 2011 WL 1655579 at *4 (quoting *Higbee v. Comm'r,* 116 T.C. 438, 442, 2001 WL 617230 (T.C. 2001)). The Court will consider as to each issue whether the burden has shifted to the United States.

### B.      Itemized Deductions

For tax years 2003 and 2005, Plaintiff sought to itemize his deductions. For each of those two tax years, Plaintiff's wife filed a separate tax return on which she elected the Standard Deduction. Where a taxpayer's spouse has elected the Standard Deduction, a taxpayer is not allowed to itemize deductions unless:

>   (A)    the spouse makes a change of election with respect to itemized deductions, for the taxable year covered in such separate return, consistent with the change of treatment sought by the taxpayer, and

> (B) the taxpayer and his spouse consent in writing to the assessment (within such period as may be agreed on with the Secretary) of any deficiency, to the extent attributable to such change of election, even though at the time of the filing of such consent the assessment of such deficiency would otherwise be prevented by the operation of any law or rule of law.

26 U.S.C. § 63(e)(3). In this case, Plaintiff states that his wife's election of the Standard Deduction for tax years 2003 and 2005 was a mistake. Plaintiff has provided no evidence, however, that his spouse changed her election for the Standard Deduction for either tax year 2003 or 2005, or that she consented in writing to the assessment of any resulting delinquency. As a result, Plaintiff is not entitled to itemize deductions for tax years 2003 and 2005.

### C. Schedule C

On Schedule C for tax year 2003, Plaintiff claimed $4,446.00 income from his research, education, and counseling business, and $24,397.00 in business expenses, for a total business loss on Schedule C of $19,951.00. For tax year 2005, Plaintiff claimed $1,801.00 in income and $21,611.00 in expenses, for a total business loss on Schedule C of $19,810.00. For tax year 2006, Plaintiff claimed $1,079.00 income. The IRS disallowed claimed business expenses of $5,828.00.

Plaintiff, rather than identify the exhibits in the record that support his claimed business expenses for the three relevant tax years, argued generally that his exhibits support the claim. Plaintiff's exhibits, attached in random order to Plaintiff's

Response [Doc. # 68], total over 200 pages.  Because Plaintiff had not identified which exhibits he believed support his Schedule C business expenses for each year at issue, the Court ordered Plaintiff to file a separate chart for each tax year (2003, 2005 and 2006) with the following information as to each claimed expense item: type of expense, date of expense, amount of expense, and corresponding exhibit letter.  *See* Order [Doc. # 78].  The Court cautioned Plaintiff that failure to file the charts could result in the entry of summary judgment in Defendant's favor on the Schedule C business expenses claimed on the 2003, 2005 and 2006 tax returns.  *See id.*  The Court later granted Plaintiff's request for an extension of time to file the chart as ordered.  *See* Order [Doc. # 80].  Plaintiff filed a Supplement, but did not file the charts as ordered or otherwise provide the required information.

The record before this Court does not support Plaintiff's business expenses as claimed on Schedule C of his tax returns for tax years 2003, 2005, and 2006.  For example, a receipt submitted by Plaintiff in support of his Schedule C business expenses for tax year 2005 is a receipt for payment of $420.00 *to* Plaintiff – not an expense paid *by* Plaintiff.  *See* Exhibit B-7 to Supplement [Doc. # 84].  Another receipt appears to reflect that Mike Soto provided Real Estate Consulting Services to Plaintiff in exchange for educational research provided to Soto by Plaintiff.  *See* Exhibit D-7 to Supplement [Doc. # 84].  Many of the "receipts" are in Spanish with

no translation provided. Many of the receipts are neither signed nor dated. The "evidence" submitted by Plaintiff is not of sufficient quality that it would support a decision in Plaintiff's favor even if no contrary evidence were submitted. As a result, Plaintiff bears the burden to demonstrate that he overpaid taxes for tax years 2003, 2005, and 2006 based on the disallowance of the Schedule C business expenses deduction, and the amount of the overpayment. Plaintiff has failed to satisfy that burden.

### D. Schedule E

On Schedule E for tax years 2003, 2005, and 2006, Plaintiff listed two rental properties, one on Mourning Dove Circle in Harlingen, Texas, and the other on Redbird Lane in Huntsville, Texas. For 2003, Plaintiff claimed income of $8,716.00 and expenses of $35,779.00, for a total loss of $30,127.00. For 2005, Plaintiff claimed income of $2,649.00 and expenses of $19,774.00, for a total loss of $18,960.00. For 2006, the IRS disallowed deductions on Schedule E in the total amount of $10,780.00.

Section 212 of the Internal Revenue Code allows a taxpayer to deduct the "ordinary and necessary expenses paid or incurred during a taxable year . . . (2) for the management, conservation, or maintenance of property held for the production of

income. . .." 26 U.S.C. § 212. For the Mourning Dove Circle property, Plaintiff has presented no evidence that the property was "held for the production of income."

The Redbird Lane property was Plaintiff's personal residence in 2003, 2005 and 2006. Plaintiff asserts that he rented the property to his disabled daughter. Where, as here, there is a close relationship between the taxpayer lessor and the lessee, the taxpayer must demonstrate that the "rent charged to the family member reflects the fair rental value of the unit." *See McDonald v. Comm'r*, T.C. Memo 1991-242, at *13 (1991). Plaintiff has presented no evidence that he collected any rent from his daughter, much less an amount equal to the fair rental value.

Plaintiff has failed to present credible evidence that would shift the burden of proof on the Schedule E issue to the United States. Moreover, Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of his claimed deductions on Schedule E of the tax returns for tax years 2003, 2005 and 2006.

### E.   Credit for Child and Dependent Care Expenses

For tax years 2005 and 2006, Plaintiff claimed a $3,000.00 credit for Child and Dependent Care Expenses. For tax year 2005, Plaintiff and his wife filed tax returns as "Married Filing Separately." Married couples are not permitted to receive the credit unless they file a joint return. *See* 26 U.S.C. § 21(e)(2). As a result, Plaintiff is not entitled to the credit for tax year 2005.

For tax year 2006, Plaintiff and his wife filed a joint return. For that year, however, Plaintiff's wife had no earned income. The $3,000.00 maximum credit amount for Child and Dependent Care Expenses is limited to the lesser of the earned income of the taxpayer or of his spouse. *See* 26 U.S.C. § 21(d)(1)(B). Because Plaintiff's wife had no earned income in 2006, Plaintiff is not entitled to the credit for Child and Dependent Care Expenses for that tax year.

### F. Additional Child Tax Credit

For tax years 2005 and 2006, Plaintiff claimed an Additional Child Tax Credit of $1,000.00. The credit is allowed for each "qualifying child." *See* 26 U.S.C. § 24(a). A qualifying child is one who has not attained the age of 17. *See* 26 U.S.C. § 24(c). It is undisputed that Plaintiff's daughter, for whom he claimed the credit, was born in 1985. As a result, Plaintiff's daughter had attained the age of 17 before 2005 and 2006. Plaintiff is not entitled to the Additional Child Tax Credit for those tax years.

Plaintiff argues that his daughter is disabled. The Internal Revenue Code does not except a disabled child from the maximum age provision for purposes of the Additional Child Tax Credit.

### G. Earned Income Credit

For tax year 2005, Plaintiff and his wife did not file a joint return. The Earned Income Credit is not available to a married taxpayer who does not file a joint return with his wife. *See* 26 U.S.C. § 32(d).

For tax year 2006, Plaintiff and his wife filed a joint return. A taxpayer in 2006 could not claim the Earned Income Credit, however, if he had investment income of $2,800.00. *See* 26 U.S.C. § 32(i). In 2006, Plaintiff had taxable interest in the amount of $2,858.00, which is above the $2,800.00 limit. As a result, Plaintiff did not qualify for the Earned Income Credit for tax year 2006.

### H. Credit for the Elderly or Disabled

For tax year 2006, Plaintiff claimed the Credit for the Elderly or Disabled. To qualify for this credit, the taxpayer must have (1) "attained age 65 before the close of the taxable year" or (2) "retired on disability before the close of the taxable year" and who was permanently and totally disabled when he retired. 26 U.S.C. § 22(b). At the close of taxable year 2006, neither Plaintiff nor his wife had attained the age of 65 or had retired with a permanent and total disability. As a result, Plaintiff was not entitled to the Credit for the Elderly or Disabled.

### I.     Residential Energy Credits

For tax year 2006, Plaintiff claimed the Residential Energy Credits. For the amount of the credits, Plaintiff wrote "IRS FIGURE." Plaintiff has presented no evidence to demonstrate that he is entitled to any Residential Energy Credits. Plaintiff instead argues that the IRS was required to calculate the credits for him. Plaintiff has cited no legal authority to support this argument, and this Court is aware of none. Having failed to present credible evidence in support of his claim for Residential Energy Credits, Plaintiff has failed to carry his burden of proof that he is entitled to such credits.

### J.     Missing File

The IRS is unable to locate the administrative file for Plaintiff's tax return for tax year 2006. Plaintiff argues that this entitles him to all deductions and credits claimed for that tax year. Plaintiff cites no legal authority to support his argument, and this Court is aware of none. Plaintiff, not the IRS, has the burden to retain records to substantiate his claimed deductions. *See* 26 U.S.C. § 6001.

## IV.     CONCLUSION AND ORDER

Plaintiff is not entitled as a matter of law to claim itemized deductions for tax years 2003 and 2005. Plaintiff is not entitled as a matter of law to the Child and Dependent Care expenses, the Additional Child Tax Credit, or the Earned Income

Credit claimed for tax years 2005 and 2006. Plaintiff is not entitled as a matter of law to the Credit for the Elderly and Disabled claimed for tax year 2006. Plaintiff has failed to satisfy his burden of proof that he is entitled to the Schedule C business expenses for tax years 2003, 2005, and 2006. Plaintiff has failed to demonstrate that he is entitled to the rental property expenses claimed on Schedule E for all three relevant tax years, or that he is entitled to the Residential Energy Credit claimed for tax year 2006. As a result, it is hereby

**ORDERED** that the United States of America's Motion for Summary Judgment [Doc. # 56] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **4th** day of **June, 2013.**

*[signature]*

Nancy F. Atlas
United States District Judge