IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS RODRIGUEZ, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-12-0049 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|    Defendant. § | | |

## MEMORANDUM AND ORDER

By Memorandum and Order [Doc. # 85] entered June 4, 2013, the Court granted the Internal Revenue Services's Motion for Summary Judgment as to *pro se* Plaintiff Jesus Rodriguez's refund claims for tax years 2003, 2005, and 2006.[1] The case is now before the Court on Rodriguez's Motion for Reconsideration [Doc. # 91], to which the United States filed its Opposition [Doc. # 92]. Plaintiff neither filed a reply by the July 29, 2013, deadline nor requested an extension of time to do so. Having reviewed the record and applied relevant legal authorities, the Court **denies** Plaintiff's Motion.

## I.    STANDARD FOR MOTION FOR RECONSIDERATION

A motion for reconsideration is evaluated pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if filed within twenty-eight days after the entry of the order

---

[1]    All other claims were dismissed previously.

for which reconsideration is sought. FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).

## II.   ANALYSIS

Plaintiff complains that the Court issued its Memorandum and Order prematurely and without considering his Response filed pursuant to the Court's Order [Doc. # 78] entered May 14, 2013. In that Order, the Court required Plaintiff to present his evidence in a certain format, clearly identified in the Order, rather than file a massive number of documents in random order and without explanation. By Order [Doc. # 80] entered May 24, 2013, the Court granted Plaintiff's request for an extension of the deadline for his compliance with the Court's May 14, 2013 Order to May 28, 2013. Plaintiff's response to the May 14, 2013 Order was not received in the Clerk's Office until June 5, 2013, more than a full week after it was due.

Moreover, in the Response [Doc. # 90], Plaintiff states that he "was not clear as to what 'chart' to use as he was not given a sample or copy as a reference point." *See* Response [Doc. # 90-1] p. 1. The Court's May 14, 2013 Order clearly provided the format to be used, requiring Plaintiff to submit a separate chart for each tax year (2003, 2005 and 2006) with the following information as to each claimed expense item:

| Type of Expense | Date of Expense | Amount of Expense | Corresponding Exhibit Letter |
|---|---|---|---|

*See* May 14, 2013 Order. Plaintiff stated that he was "unable to devise a chart" and, instead, simply resubmitted the previously filed evidence. Because Plaintiff failed, timely or otherwise, to present his evidence in a manner in which it could be considered by the Court, it was not properly before the Court and did not raise a genuine issue of material facts to support his refund claims.[2] "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence

---

[2] In his Motion for Reconsideration, Plaintiff questioned the Court's comment that some of Plaintiff's evidence in support of his claimed Schedule C business expenses was "in Spanish with no translation provided." Plaintiff suggested that the Court rejected evidence written in Spanish. *See* Motion [Doc. # 91], p. 17. The Court did not reject Plaintiff's evidence because it was originally in Spanish. Instead, the Court noted that Plaintiff failed to provide translations that would enable the Court to consider the evidence.

3

to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotations omitted).

The Court in its Memorandum and Order specifically addressed each element of Plaintiff's refund claims. Plaintiff has failed to establish a manifest error of law or to present newly discovered evidence.[3] Instead, Plaintiff simply disagrees with the Court's decision. The Court has reviewed all evidence submitted by Plaintiff, to the extent possible, and concludes again that its prior ruling is correct and proper. As a result, Plaintiff's Motion for Reconsideration is denied.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff has failed to establish a manifest error of law or to produce newly discovered evidence. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 91] is **DENIED**.

---

[3] Plaintiff argues that his spouse would be called to testify at trial and, therefore, the Court erred in granting summary judgment in Defendant's favor. *See* Motion, p. 19. To avoid summary judgment, a Plaintiff is required to present evidence that raises a genuine issue of material fact in response to the motion. In the absence of evidence submitted in opposition to a motion for summary judgment, the Court will not assume that the plaintiff could or would prove the necessary facts. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

SIGNED at Houston, Texas, this **13**$^{th}$ day of **August, 2013.**

_____
Nancy F. Atlas
United States District Judge